## Case No. 9,932.

### MUNSELL et al. v. MAXWELL.

[3 Blatchf. 364.] [1]

Circuit Court, S. D. New York. Nov. 30, 1855.

CUSTOMS DUTIES — APPRAISEMENT—CHARGE FOR COMMISSIONS—USUAL RATES.

1. Under section 16 of the act of August 30, 1842 (5 Stat. 563), which requires "a charge for commissions at the usual rates" to be added, on the appraisal of goods, to make up their dutiable value, the rates of the commissions must be ascertained in the same manner as the value of the goods, and a collector has no authority, even under instructions from the treasury department, to charge an arbitrary rate of commissions.

2. The case of Lennig v. Maxwell [Case No. 8,243] cited and approved.

This was an action [by Henry H. Munsell and another] against [Hugh Maxwell] the collector of the port of New York, to recover back an excess of duties. The jury found a verdict for the plaintiffs, subject to the opinion of the court on a case.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The plaintiffs imported an invoice of goods from China, in December, 1851, upon which were charged two per cent. commissions, and the entry was made accordingly. The defendant, under instructions from the treasury department, raised the commissions to two and one-half per cent., and exacted duties upon the difference, making an increase of duties upon the shipment, of about $2,000. The plaintiffs paid the duties so charged, under a protest sufficient in law, and brought this action to recover back the alleged excess.

It was clearly proved, on the trial, that the

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

usual and established rate of commissions on goods purchased in China and imported into the United States had, for the last fifteen years, been two per cent., and no more. It was further proved that, since 1847, instructions had been given by the government to collectors, to charge, in all cases, two and one half per cent. commissions upon invoices on which less than that rate was charged.

It is directed, by the 16th section of the act of August 30, 1842 (5 Stat. 563), that "the appraisers, in making up the dutiable amount of an importation of goods and merchandise, shall add to the valuation in the entry a charge for commissions at the usual rates." These rates, by the plain implication of the act, are particulars "to be appraised, estimated and ascertained" in the same manner as the value of the goods imported. The 2d section of the act of August 10, 1846 (9 Stat. 96), authorizes the secretary of the treasury to prescribe general and uniform rules to appraisers, for the prevention of fraud or undervaluation. But that provision does not, in our opinion, impart a power to determine the usual rates of commissions prevailing in a foreign country, any more than a power to fix the values of the goods themselves in the foreign market. This direction to the collector to compute duties on a basis of adding two and one-half per cent. commissions, does not legalize a levy of duties on more than the usual rates of commissions. Lennig v. Maxwell [Case No. 8,243]; Greely v. Thompson, 10 How. [51 U. S.] 225, 234. Judgment for plaintiffs.